UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

DAWN MIMBS,

    Plaintiff,

v.

J.A. CAMBECE LAW OFFICE, P.C.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District, where Plaintiff resides in this District, and where Defendant transacts business in this District.

**PARTIES**

4. Plaintiff, Dawn Mimbs ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Broward, and City of Pompano Beach.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) as well as the FCCPA.

6. Defendant, J.A. Cambece Law Office, P.C., ("Defendant") is a professional corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—specifically, use of a credit card for household, family, automotive, and personal purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with an alleged debt in default (the "Debt"), Defendant, via its agents and/or employees, began placing telephone calls to Plaintiff on or about June 14, 2012.

12. At such time, Plaintiff disclosed to Defendant that she was terminally ill, and demanded that Defendant cease and desist from placing any and all telephone calls to her.

13. Thereafter, Defendant's agent and/or employee "Brian" placed a call to Plaintiff's cellular telephone on June 15, 2012 at or around 4:51 P.M. and, at such time, spoke with Plaintiff.

14. During the June 15, 2012 conversation, Plaintiff informed "Brian" that she is very ill, could hardly speak, and has terminal lung cancer. "Brian" responded by becoming very hostile and yelling that Plaintiff was going to pay this debt, and that it did not matter about Plaintiff's illness.

15. During the June 15, 2012, communication, Plaintiff again demanded that Defendant cease and desist from placing any and all telephone calls to her.

16. Further, despite Plaintiff's repeated demands for Defendant to cease and desist from placing any and all calls to her, Defendant placed no fewer than twelve (12) additional calls to Plaintiff during the time period from June 14 through and including June 22, 2012.

17. As a result of Defendant's harassing and abusive efforts to collect the Debt, Plaintiff has suffered from emotional distress, felt depressed, and has had undue stress while dealing with a terminal illness.

18. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(2)

19. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18, above.

20. Defendant violated 15 U.S.C. § 1692d(2) by using language the natural consequence of which is to abuse Plaintiff, in connection with collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692d(2);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d(5)

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18, above.

22. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF FLA. STAT. § 559.72(7)

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18, above.

24. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff, or any member of Plaintiff's family, with such frequency as could reasonably have been expected to harass Plaintiff, or Plaintiff's family, or willfully engaging in such other conduct as could reasonably have been expected to abuse or harass Plaintiff or any member of Plaintiff's family.

25. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiff's attorneys' fees and costs;

e) Any other relief deemed appropriate by this Honorable Court.

## COUNT IV
## VIOLATION OF FLA. STAT. § 559.72(8)

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18, above.

27.     Defendant violated Fla. Stat. § 559.72(8) by using profane, obscene, vulgar, or willfully abusive language in communicating with Plaintiff or any member of Plaintiff's family.

28.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiff's attorneys' fees and costs;

e) Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

29.     Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 7th day of November, 2012.

Respectfully submitted,
**DAWN MIMBS**

By:/s/Alex D. Weisberg_____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com