UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 12-CV-62200

DAWN MIMBS,

    Plaintiff,

v.

J.A. CAMBECE LAW OFFICE, P.C.

    Defendant.

_____/

**DEFENDANT'S MOTION FOR JUDGMENT ON THE
PLEADINGS AND SUPPORTING MEMORANDUM OF LAW**

COMES NOW, Defendant, J.A. CAMBECE LAW OFFICE, P.C., by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(c), and hereby files this, Defendant's Motion for Judgment on the Pleadings and Supporting Memorandum of Law, and states the following in support thereof:

**I.    Procedural History:**

This is an action brought by Plaintiff against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et. seq. See,* Pl's Comp. at ¶ 1. In Counts I and II of her complaint, Plaintiff has alleged that Defendant violated the FDCPA "by using language the natural consequence of which is to abuse the Plaintiff, in connection with collection of a debt" and "by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff." *See,* Pl's Comp. at ¶¶ 20, 22. In Counts III and IV of her complaint, Plaintiff has alleged that Defendant violated the FCCPA "by willfully communicating with Plaintiff, or any member of Plaintiff's family, with such frequency as could

reasonably have been expected to harass Plaintiff, or Plaintiff's family, or willfully engaging in such other conduct as could reasonably have been expected to abuse or harass Plaintiff or any member of Plaintiff's family" and "by using profane, obscene, vulgar, or willfully abusive language in communicating with Plaintiff or any member of Plaintiff's family." *See,* Pl's Comp. at ¶¶ 24, 28.

As factual support for these alleged statutory violations, Plaintiff has alleged the following:

> 11. In connection with an alleged debt in default (the "Debt"), via its agents and/or employees, began placing telephone calls to Plaintiff on or about June 14, 2012.
>
> 12. At such time, Plaintiff disclosed to Defendant that she was terminally ill, and demanded that Defendant cease and desist from placing any and all telephone calls to her.
>
> 13. Thereafter, Defendant's agents and/or employee "Brian" placed a call to Plaintiff's cellular telephone on June 15, 2012 at or around 4:51 P.M. and, at such time, spoke with Plaintiff.
>
> 14. During the June 15, 2012 conversation, Plaintiff informed "Brian" that she is very ill, could hardly speak, and has terminal lung cancer. "Brian" responded by becoming very hostile and yelling that Plaintiff was going to pay this debt, and that it did not matter about Plaintiff's illness.
>
> 15. During the June 15, 2012, communication, Plaintiff again demanded that Defendant cease and desist from placing any and all telephone calls to her.
>
> 16. Further, despite Plaintiff's repeated demands for Defendant to cease and desist from placing any and all calls to her, Defendant placed no fewer than twelve (12) additional calls to Plaintiff during the time period from June 14 through and including June 22, 2012

*See*, Pl's Comp. at ¶¶ 11 – 16.

Through its instant motion, Defendant asserts that it is entitled to judgment as a matter of law with respect to all of Plaintiff's claims.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(c), after the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings. For purposes of a Rule 12(c) motion for judgment on the pleadings, all well-pleaded allegations of the claim or counterclaim must be accepted as true. Judgment on the pleadings is appropriate where no issue of material fact remains unresolved and the moving party is entitled to judgment as a matter of law. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999). All facts in the complaint must be accepted as true and viewed in a light most favorable to the nonmoving party. *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009). "[A] motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same analysis as a motion to dismiss pursuant to Rule 12(b)(6). *Sclafani v. BC Services, Inc.*, 10-61360-CIV, 2011 WL 43619 (S.D. Fla. 2011).

## III. Legal Argument

### a. The factual allegations in Plaintiff's complaint cannot support a violation of 15 U.S.C. § 1692d(2) as a matter of law.

Defendant is entitled to judgment as a matter of law with respect to Plaintiff's claim in Count I of Plaintiff's Complaint because the language allegedly used by Defendant when communicating with Plaintiff is insufficient to support a violation of 15 U.S.C. § 1692d(2).

Section 1692d(2) prohibits "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." "[A] claim under 1692d can be decided as a matter of law when the conduct complained of is outside the scope of conduct actionable under the statute." *Mammen v. Bronson & Migliaccio, LLP*, 715 F. Supp. 2d 1210, 1218 (M.D. Fla. 2009). The purpose of section 1692d(2) is to "deter offensive language which is at least akin to profanity or obscenity. Such offensive language might encompass name-calling, racial or ethnic slurs, and other derogatory remarks which are similar in their offensiveness to obscene or profane remarks." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985). "However, language that is merely 'rude and unpleasant' does not violate the FDCPA." *Kelemen v. Prof. Collection Sys.*, 6:09-CV-1639-ORL-28, 2011 WL 31396 (M.D. Fla. 2011)

In *Kelemen,* the plaintiff alleged that a defendant debt collector violated section 1692d(2) when an employee of defendant told the plaintiff to "pay your damn bills." *Id.* at *3. The District Court, relying of the Eleventh Circuit's ruling in *Jeter*, held that the phrase allegedly used by the defendant's employee did not violate section 1692d(2) as a matter of law because the language used was not obscene or profane. *Id.* Specifically, the court stated that:

> although the statement is certainly rude, it is not 'similar in [its] offensiveness to obscene or profane remarks.'. The [Defendant's] employee did not utilize any racial or ethnic slurs or engage in any name-calling, and when the language in this case is compared to the language that other courts have found to be abusive or harassing, it is evident that 'pay your damn bills' does not rise to the level of offensiveness required by *Jeter.*

*Id.* (internal citations omitted).

Similarly, in *Montgomery v. Florida First Fin. Group, Inc.*, the plaintiff alleged a violation of § 1692d(2) based upon the defendant debt collector's conduct consisting of calling the plaintiff and her mother "liars", repeatedly berating the plaintiff during a conversation that

she was not honest because she wrote a bad check, and making multiple representations to the plaintiff, her mother and her daughter that there was a warrant for the plaintiff's arrest. *Id.* 6:06-CV-1639ORL31KR, 2008 WL 3540374 (M.D. Fla. 2008) at *2 – 3. In finding that there was no violation of § 1692d(2), the court stated:

> The term "liar" falls short of language "akin to profanity or obscenity" and, therefore, does not violate the statute. *See Thomas v. LDG Fin. Servs., Inc.,* 463 F.Supp.2d 1370, 1373 (N.D.Ga.2006) (alleged conduct by debt collector during telephone conversation, in telling debtor that they were going to get their money one way or another, yelling that Georgia was a garnishable state, then hanging up, and asking debtor what her problem was because she was making the same salary as she did when she was paying her bills, did not rise to the level of harassment prohibited by the FDCPA)
>
> \*\*\*
> With respect to the repeated threats of arrest, I do not find these statements to be akin to profanity or obscenity.

*Id.* at *6[1].

In the instant case, the only language Plaintiff has alleged was used by Defendant and/or Defendant's employees when communicating with plaintiff was "Plaintiff was going to pay this debt" and "it did not matter about Plaintiff's illness." *See*, Pl's Comp. at ¶ 14. This language does not violate section 1692d(2) as a matter of law because it is not similar in offensiveness to obscene or profane remarks as defined by the Courts of this Circuit. Moreover, when viewed in light of the *Jeter, Kelemen,* and *Montgomery* cases cited *supra*, this language cannot be found to have violated any section of the FDCPA. Accordingly, Defendant is entitled to judgment as a matter of law with respect to Plaintiff's claim under Count I of her Complaint.

### b. The factual allegations in Plaintiff's complaint cannot support a violation of 15 U.S.C. § 1692d(5) as a matter of law.

---

[1] The court in *Montgomery* also held that the defendant's threats of arrest to the Plaintiff and her family did constitute a violation of Fla. Stats. § 559.72(7) as a matter of law. *Id.* at *7.

Page | 5

Defendant is entitled to judgment as a matter of law with respect to Plaintiff's claims in Count II of Plaintiff's Complaint because the number of calls allegedly placed by Defendant to Plaintiff cannot support a violation of 15 U.S.C. § 1692d(5). Section 1692d(5) of the FDCPA proscribes "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." In determining liability under § 1692d(5), "[c]ourts have held that '[w]hether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls.'" *Brandt v. I.C. Sys., Inc.,* No. 8:09-cv-126-T-26MAP, 2010 WL 582051, at *2 (M.D.Fla. Feb.19, 2010) (*quoting Akalwadi v. Risk Mgmt. Alternatives, Inc.,* 336 F.Supp.2d 492, 505 (D.Md.2004); *Joseph v. J.J. Mac Intyre Cos., LLC.,* 238 F.Supp.2d 1158, 1168 (N.D.Cal.2002)). Under this section, "[a]ctionable harassment or annoyance turns on the volume and pattern of calls made, irrespective of the substance of the messages." *Majeski v. I.C. Sys., Inc.,* No. 08 C 5583, 2010 WL 145861, at *3 (N.D.Ill. Jan. 8, 2010).

To support her claim under section 1692d(5), Plaintiff has alleged that Defendant placed a total of fourteen (14) calls to Plaintiff over a nine (9) day period. *See,* Pl's Comp. at ¶¶ 11 – 16. Plaintiff has alleged that these calls resulted in a total of two (2) conversations between Plaintiff and Defendant, in which Plaintiff allegedly requested that Defendant stop calling her. *Id.* Plaintiff's allegations fail to support a violation of 1692d(5) because the well settled case law interpreting this section of the FDCPA conclusively establishes that the placement of fourteen (14) collection calls, resulting in two (2) conversations, over a nine (9) day period is not a violation of section 1692d(5) as a matter of law, notwithstanding the Plaintiff's alleged verbal request for the calls to stop.

For example, in *Saltzman v. I.C. System, Inc.,* 2009 WL 3190359 (E.D.Mich.2009), the plaintiff alleged that the defendant debt collector placed sixty calls to her residence between November 10, 2008 and December 12, 2008. *Id.* at *1. The plaintiff further alleged that she was contacted by defendant every day, several times per day, and that the defendant continued to call her after she had asked the defendant to stop calling her. *Id.* at *6. The court found that the defendant was entitled to judgment as a matter of law because there was "no evidence in the record from which a reasonable trier of fact could infer that Defendant acted with the requisite 'intent to annoy, abuse, or harass' in making the telephone calls at issue." *Id.* at *7. In support of is ruling, the Court stated:

> Defendant only placed calls to Plaintiff's residence. Although Plaintiff alleges that she requested Defendant to stop calling her, she did not send Defendant a cease and desist letter, dispute the amount owed, or provide evidence that Defendant has acted in a manner that would be actionable as harassment, oppression or abuse.

*Id.* (internal citations omitted).

Similarly, in *Starkey v. Firstsource Advantage, LLC,* 2010 WL 2541756 (W.D.N.Y. March 11, 2010), the Court rejected plaintiff's theory that defendant's continued contact after a verbal request for no further communications constituted harassment under the FDCPA stating:

> It is irrelevant whether plaintiff made a verbal request to defendant to cease the debt collection calls, the statute explicitly provides for notice in writing and such notice, in writing, was never provided. Therefore, the debt collection calls continued even after her March 26, 2007 conversation with defendant wherein she claims to have requested the calls to cease because her verbal request was insufficient under the statute.

*Id.*, 2010 WL 2541756 (W.D.N.Y. March 11, 2010).

In the instant case, Plaintiff has failed to allege any conduct by Defendant capable of demonstrating any intent to annoy, abuse, or harass. Plaintiff has not alleged that the debt at issue

is illegitimate, nor has she alleged that she sent Defendant a cease and desist letter. Accordingly, as was the case in *Saltzman,* Defendant is entitled to judgment as a matter of law because Plaintiff has failed to allege that Defendant acted in a manner that could support a finding of actionable harassment, oppression or abuse.

Moreover, the alleged call volume in the case at bar cannot, alone, constitute a per se violation of 1692d(5). *See, Tucker v. CBE Group, Inc.,* 710 F. Supp. 2d 1301 (M.D. Fla. 2010)(summary judgment granted to defendant debt collector who placed fifty seven total calls, and up to seven calls per day, to plaintiff); *Druschel v. CCB Credit Services, Inc.*, 8:10-CV-838-T-33TBM, 2011 WL 2681637 (M.D. Fla. 2011) *report and recommendation adopted*, 8:10-CV-838-T-33TBM, 2011 WL 2681953 (M.D. Fla. 2011)(summary judgment granted to defendant who allegedly placed 14 calls to plaintiff over a 17 day period); *Carman v. CBE Group, Inc.,* 782 F. Supp. 2d 1223, 1227 (D. Kan. 2011)(summary judgment granted to defendant debt collector who placed 149 call to plaintiff in two month period); *Webb v. Premiere Credit of N. Am., LLC*, *Id.* 12-CV-2001 JAR/KGS, 2012 WL 5199754 (D. Kan. 2012)(summary judgment granted to defendant who "initiated [calls] up to six times per day on consecutive days" over a two month period).

Finally, in order to establish her case, Plaintiff must establish that the Defendant caused her phone to ring or engaged her in telephone conversation "repeatedly or continuously". *See,* 15 U.S.C. 1692d(5). The FTC commentary for 15 U.S.C. § 1692d(5), instructs that "'[c]ontinuously' means making a series of telephone calls, one right after the other." *See* FTC Staff Commentary on the Fair Debt Collection Practices Act located at http://www.ftc.gov/os/statutes/fdcpa/commentary.htm#806. In the case at hand, Plaintiff has not alleged that Defendant made calls in a series, or placed one call right after the other.

Because the alleged call volume in the instant case is insufficient to substantiate a violation of 1692d(5), Plaintiff's failure to allege facts capable of demonstrating that Defendant acted with the requisite intent to annoy, abuse, or harass when contacting Plaintiff entitles Defendant to judgment as a matter of law. *See, Waite v. Financial Recovery Services, Inc.,* Case No. 8:09–cv–2336–T–33AEP (holding that "courts have found that even 'daily' calls, unaccompanied by other egregious conduct...is insufficient to raise a triable issue of fact for the jury.")

        **c. The factual allegations in Plaintiff's complaint cannot support a claim under Fla. Stat. § 559.72(7) as a matter of law.**

Defendant is entitled to judgment as a matter of law with respect to Plaintiff's claim in Count III because the frequency of communication alleged by Plaintiff is insufficient to support a violation of Fla. Stat. § 559.72(7). Section 559.72(7), Florida Statutes 1999, states:

> In collecting consumer debts, no person shall:
>
> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family[.]

As factual support for her § 559.72(7) claim Plaintiff has alleged that Defendant placed a total of fourteen (14) calls to Plaintiff over a nine (9) day period. *See,* Pl's Comp. at ¶¶ 11 – 16. Plaintiff has alleged that these calls resulted in a total of two (2) conversations between Plaintiff and Defendant, in which Plaintiff allegedly requested that Defendant stop calling her. *Id.*

To determine whether a communication is abusive or harassing in nature pursuant to § 559.72(7), the behavior must be evaluated as a whole under the circumstances. *See, Story v. J.M. Fields, Inc.*, 343 So.2d 675, 677 (Fla. 1st DCA 1977). Additionally, "the FCCPA looks to the

FDCPA definition of harassment." *Beeders v. Gulf Coast Collection Bureau, Inc.*, 2010 WL 2696404 (M.D. Fla. July 6, 2010) aff'd, 432 F. App'x 918 (11th Cir. 2011).

In *Story*, the Court set forth the standard for determining when the issue of "harassment" under § 559.72(7) becomes a jury question, stating:

> The standard that emerges from Section 559.72(7) therefore concerns the purpose as well as the frequency of the creditor's calls. Proof of numerous calls does not make a jury issue on liability if all must agree the creditor called only to inform or remind the debtor of the debt, to determine his reasons for nonpayment, to negotiate differences or to persuade the debtor to pay without litigation. The trier of fact may consider such communications harassing in their frequency, however, when they continue after all such information has been communicated and reasonable efforts at persuasion and negotiation have failed. Beyond that point communication 'can reasonably be expected to harass the debtor or his family,' because it tends only to exhaust the resisting debtor's will. If the creditor intends that likely effect, further communication is willful and actionable.

*Id.*, 343 So. 2d at 677.

As discusses *supra,* the volume of calls in this case, by itself, is sufficient to demonstrate per se harassment under the FDCPA, and, as such, is similarly insufficient to support a claim under § 559.72(7). *See,* Fla. Stat. § 559.72(5) ("[i]n applying and construing this section, due consideration and great weight shall be given to the interpretations of the… federal Fair Debt Collection Practices Act."); *See also, Beeders*, 2010 WL 2696404 (M.D. Fla. July 6, 2010)(holing that "the FCCPA looks to the FDCPA definition of harassment.") Thus, it must be inferred that Plaintiff is relying on her alleged verbal request that Defendant to cease calling her as the basis for her claim under Fla. Stat. § 559.72(7). There is simply no legal support for this position. In fact, the *Story* decision cuts against any such notion as it anticipates that a debt collector will most likely meet some resistance in attempting to collect a debt and thereafter

Page | 10

engage in attempts "to persuade the debtor to pay without litigation." *Id.* As the Court in *Story* further noted:

> Unless some latitude is given the creditor to invade, to a reasonable extent, the debtor's right of privacy, without incurring liability, we may well end up with the result that the creditor will find it preferable to proceed immediately with legal action when a debt becomes in default, without any warning to the debtor, rather than run the risk of being answerable to a supersensitive debtor.

*Id.* at 677.

As such, there is no provision under either the FCCPA *or* the FDCPA that prohibits a debt collector from calling after the debtor makes a *verbal* request for no further communication. Nonetheless, Plaintiff seeks to have this Court "amend" the FCCPA to include a provision that a verbal request for no further communication created a *per se* prohibition on future communication. The Florida Supreme Court has held "courts are not at liberty to add words to statutes that were not placed there by the Legislature." *Seagrave v. State*, 802 So. 2d 281, 287 (Fla. 2001). This Court "must read the statute as written, for to do otherwise would constitute an abrogation of legislative power." *Nicoll v. Baker*, 668 So. 2d 989, 990-991 (Fla. 1996). Plaintiff asks this Court to impose an additional duty on debt collectors that the legislature chose not to impose, i.e. refrain from further communications with a debtor after a verbal request for no further communication is made. This Court is powerless to grant Plaintiff's request as the FCCPA provides no authority for the Court to do so, and Plaintiff's facts, as alleged, do not demonstrate a violation of the statute. *See, e.g. Albritton v. Cagle's, Inc.,* 508 F.3d 1012, 1017 (11th Cir. 2007)("We are not empowered to rewrite statutes"); *System Components Corp. v. Florida Dept. of Transp.* 14 So.3d 967, 984 (Fla. 2009)(where eminent domain statute was "completely silent with regard to imposing an affirmative duty to relocate…imposing an affirmative duty to relocate is a legislative, rather than judicial, function."); *Dade County v.*

Page | 11

*American Hosp. of Miami, Inc*. 502 So.2d 1230, 1233 (Fla. 1987)("if the legislature intended to impose such a substantial fiscal duty on the counties, it would have done so directly. The statutes on which the district court relied do not impose this duty.")

Alternatively, to the extent that Plaintiff is claiming that the language allegedly used by Defendant during the two (2) communications at issue provides a basis for her entitlement to relief under § 559.72(7), the *Montgomery* case, discussed *supra*, is instructive. In *Montgomery,* the court found no violation of § 559.72(7) notwithstanding repeated threats of arrest made by the defendant debt collector to the plaintiff. *Id.* 2008 WL 3540374 at *7 (M.D. Fla. 2008). Likewise, in *Schauer v. Morse Operations, Inc.,* the court that the trial court erred in not granting the defendant summary judgment on the plaintiff's § 559.72(7) claim notwithstanding the fact that that the defendant telephoned the plaintiff and told him that he would be in "big trouble" if he did not repay his loan. *Id.* 5 So. 3d 2, 4 (Fla. 4th Dist. App. 2009). Because the alleged language used by the defendant in *Montgomery* and *Schauer* was more egregious than that alleged in the instant case, the language allegedly used by Defendant cannot sustain Plaintiff's claim under § 559.72(7).

Since the Plaintiff's alleged factual support for her claim under § 559.72(7) is insufficient as a matter of law, Defendant is entitled to judgment on the pleadings.

### d. The factual allegations in Plaintiff's Complaint cannot support a claim under Fla. Stat. § 559.72(8) as a matter of law.

Defendant is entitled to judgment as a matter of law with respect to Plaintiff's claim under Count IV of Plaintiff's complaint because the language allegedly used by Defendant does not constitute a violation of Fla. Stat. § 559.72(8) as a matter of law. Section 559.72(8) of the FCCPA prohibits the "[u]se [of] profane, obscene, vulgar, or willfully abusive language in

communicating with the debtor or any member of her or his family." The purported factual basis for the Plaintiff's claim under Fla. Stat. § 559.72(8) is the same alleged factual support relied upon by Plaintiff to support her claim under 15 U.S.C. §1692d(2); to wit, Defendant's alleged use of the phrases "Plaintiff was going to pay this debt" and "it did not matter about Plaintiff's illness."

When deciding what constitutes obscene and profane language in FCCPA cases, courts have applied the identical standard used to in FDCPA cases to determine whether language qualifies and profane or obscene. *See, Meininger v. Green Tree Servicing, LLC*, 8:11-CV-2006-T-33, 2012 WL 1166161 (M.D. Fla. 2012). In *Meininger,* the court noted that:

> the applicable standard governing the use of potentially offensive language in consumer debt collection circumstances was set forth by the Eleventh Circuit Court of Appeals in *Jeter* as 'at least akin to profanity or obscenity.' The Eleventh Circuit further noted that '[s]uch offensive language might encompass name-calling, racial or ethnic slurs, and other derogatory remarks which are similar in their offensiveness to obscene and profane remarks.' The courts applying the *Jeter* standard have held that merely 'rude and unpleasant' language does not rise to the level of a violation of the Fair Debt Collection Practices Act ('FDCPA') or the Florida Consumer Collection Practices Act ('FCCPA').

*Id.* at *3.

As discusses *supra,* the language at issue in this case cannot be found to rise to level of actionable profanity or obscenity as a matter of law under the controlling precedent in this Circuit. Moreover, case law interpreting comparable facts further supports a finding that the Defendant's conduct in the instant case cannot support a claim under Fla. Stat. § 559.72(8) as a matter of law. *See, e.g., In re Johnson*, 453 B.R. 433, 439 (Bankr. M.D. Fla. 2011)(holding that debt collectors language consisting of "if you [the Debtor] did not have insurance or the ability to pay for your children's health care, you should not have taken her to the hospital" did not violate

Fla. Stat. § 559.72(8) as a matter of law); *Meininger*, 8:11-CV-2006-T-33, 2012 WL 1166161 (M.D. Fla. 2012)(holding that debt collector's reference to debtor as a "deadbeat" and a "loser" did not violate Fla. Stat. § 559.72(8) as a matter of law).

Because the language alleged by Plaintiff in support of her claim under Fla. Stat. § 559.72(8) cannot be found to constitute conduct actionable under the FCCPA, Defendant is entitled to judgment as a matter of law with respect to Plaintiff's claim in Count IV.

### IV. Conclusion

Defendant is entitled to judgment as a matter of law on all of Plaintiff's causes of action because Plaintiff's complaint does not contain any allegations of fact that, if accepted as true, give rise to any claims under the FDCPA or FCCPA.

WHEREFORE, Defendant respectfully requests and Order from this Honorable Court Granting Defendant's Motion for Judgment on the Pleadings.

Respectfully submitted,

**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida  33609
Telephone:  (813) 251-5500
Facsimile:   (813) 251-3675

By: _____
      Dale T. Golden, Esquire
      Florida Bar No.: 094080

### CERTIFICATE OF SERVICE

I hereby certify that on May ___, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Dale T. Golden
DALE T. GOLDEN, ESQUIRE