UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:12-cv-62200-WPD

DAWN MIMBS

    Plaintiff,

v.

J.A. CAMBECE LAW OFFICE, P.C.,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

**I.    Introduction.**

With its motion for judgment on the pleadings, Defendant Cambece is arguing, in essence: "Ms. Mimbs, even though you've told me twice not to call you anymore because you can hardly speak due to terminal lung cancer, no reasonable person could find it harassing if I yelled at you that I didn't care and then I continued to call you."  Cambece's argument is neither supported by reason nor the consumer protection laws under which Ms. Mimbs brings her claims.

**II.    Statement Of Facts.**

On June 14, 2012, Cambece called Ms. Mimbs in effort to collect an alleged debt, and at that time, Ms. Mimbs told Cambece that she was terminally ill and asked Cambece to stop calling her.  (Doc. 1 at ¶¶11-12).  The very next day, Cambece placed another call to Ms. Mimbs, at which time Ms. Mimbs explained to Cambece that she could hardly speak because she has terminal lung cancer and again asked Cambece to stop calling her.  (Doc. 1 at ¶¶13-15). Cambece's response was to yell at Ms. Mimbs with hostility that she was going to pay the debt

1

and that they didn't care about her terminal illness. (Doc. 1 at ¶14). Despite Ms. Mimbs having explained to Cambece that she was not healthy enough to speak over the phone, Cambece continued to call her in effort to collect an alleged debt no less than 12 times in the following week. (Doc. 1 at ¶16). As a result of Cambece's harassing and abusive efforts to collect the debt, Ms. Mimbs felt depressed, embarrassed, humiliated, and suffered undue stress and anguish while coping with a terminal illness. (Doc. 1 at ¶¶17-18).

### III.   Standard of Review.

"The standard of review for a motion for judgment on the pleadings is almost identical to that used to decide motions to dismiss." *Esys Latin Am., Inc. v. Intel Corp.*, --- F. Supp. 2d ----, 2013 WL 703902, at *2 (S.D. Fla. Feb. 26, 2013). "All facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party." *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005); *Merker v. Miami-Dade Cnty. Fla.*, 485 F. Supp. 2d 1349, 1353 (S.D. Fla. 2007) (the court must "draw all reasonable inferences from the facts in the non-movant's favor"). The motion may be granted only "when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Scott*, 405 F.3d at 1253.

### IV.   Cambece Is Not Entitled To Judgment On Ms. Mimbs's Claims Under The FDCPA At 15 U.S.C. § 1692d.

The Fair Debt Collection Practices Act ("FDCPA") prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. "Without limiting the general application of the foregoing," the Act provides examples of conduct that violates this section, including "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader," 15 U.S.C. § 1692d(2), and "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to

annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). "Prohibited actions are not limited to the six subsections listed as examples of activities that violate this provision." *See* Statements of General Policy or Interpretation—Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50104-05 (Fed. Trade Comm'n Dec. 13, 1988), *available at* http://www.ftc.gov/os/statutes/fdcpa/commentary.htm#806. "[C]laims under § 1692d should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985).

### A.  Whether A Debt Collector's Conduct Is Harassing Requires A Fact-Intensive Analysis And Is A Question Of Fact For The Jury.

"Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury." *Jeter*, 760 F.2d at 1179. "While recognizing that a debt collector should be afforded the opportunity to place follow up calls to a [consumer], the Eleventh Circuit has held that the matter of whether the follow up activities are reasonable is a factual dispute. *Holland v. Bureau of Collection Recovery*, 801 F. Supp. 2d 1340, 1343 (M.D. Fla. 2011) (citing *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 234-35 (11th Cir. 2011)). In fact, "the majority of courts throughout the nation recognize that whether the nature and frequency of debt collection calls constitutes harassment is also a fact issue for the jury." *Id.* (collecting cases).[1]

---

[1]  *See, e.g.*, *Rucker v. Nationwide Credit, Inc.*, No. 2:09-CV-2420-GEB-EFB, 2011 WL 25300, at *2 (E.D. Cal. Jan. 5, 2011); *Brown v. Hosto & Buchan, PLLC*, 748 F. Supp. 2d 847, 853 (W.D. Tenn. 2010); *Valentine v. Brock & Scott, PLLC*, No. 2:09-CV-2555-PMD, 2010 WL 1727681, at *4 (D.S.C. Apr. 26, 2010); *Krapf v. Nationwide Credit Inc.*, No. SACV 09-00711 JVSMLG, 2010 WL 2025323, at *3-4 (C.D. Cal. May 21, 2010); *Kerwin v. Remittance Assistance Corp.*, 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008); *Prewitt v. Wolpoff & Abramson, LLP*, No. 05 CV 725S(F), 2007 WL 841778 (W.D.N.Y. Mar. 19, 2007); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 506 (D. Md. 2004); *Joseph v. J.J. Mac Intyre Co.*, 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002); *Kuhn v. Account Control Tech, Inc.*, 865 F. Supp. 1443, 1453 (D. Nev. 1994); *United States v. Central Adjustment Bureau, Inc.*, 667 F. Supp. 370, 376

This Court has recognized that "a debt collector's continued calls following a verbal demand to cease calling may violate § 1692d." *Dunning v. Portfolio Recovery Associates, LLC*, 903 F. Supp. 2d 1362, 1368 (S.D. Fla. 2012). Although the FDCPA *requires* a debt collector to cease communication after receiving a written request from the debtor, 15 U.S.C. § 1692c(c), Ms. Mimbs does not assert claims under that section. Instead, she asserts that Cambece's phone calls were harassing and abusive.

"[C]ontrary to Defendant's contention, even if a debtor never submits a written cease and desist demand, a collector's conduct following a verbal demand still can violate the FDCPA by constituting harassment or abuse." *Moore v. Firstsource Advantage, LLC*, No. 07-CV-770, 2011 WL 4345703, at *14 (W.D.N.Y. Sept. 15, 2011); *Moltz v. Firstsource Advantage, LLC*, No. 08-CV-239S, 2011 WL 3360010, at *3 (W.D.N.Y. Aug. 3, 2011) ("the lack of a written request does not preclude a finding that the calls violated the FDCPA"). Numerous other courts recognize that "a debt collector may harass a debtor by continuing to call the debtor after the debtor has requested that the debt collector cease and desist communication." *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1227 (E.D. Cal. 2010); *see also Holland*, 801 F. Supp. 2d at 1343 (holding that "Plaintiff's request that Defendant cease calling" created a fact issue whether continued calls were harassing); *Pratt v. CMRE Fin. Servs., Inc.*, No. 4:10-CV-2332 CEJ, 2012 WL 86957, at *3 (E.D. Mo. Jan. 11, 2012) (holding harassment "may be inferred by evidence that the debt collector continued to call after being asked not to call.") (collecting cases); *Shand-Pistilli v. Prof'l Account Servs., Inc.*, No. 10-CV-1808, 2010 WL 2978029, at *5 (E.D. Pa. July 26, 2010) ("Plaintiff asserts further that she asked defendant to stop contacting her

---

(N.D. Tex. 1986), *affirmed*, 823 F.2d 880 (5th Cir. 1987); *Clark v. Quick Collect, Inc.*, 2005 WL 1586862, at *4 (D. Or. June 30, 2005).

but defendant refused to do so. The law is clear that under such circumstances I may infer that the calls were made with the intent to harass or annoy.").

In addition to these circumstances, harassment "may be inferred from the substance of calls received from the debt collector." *Dunning*, 903 F. Supp. 2d at 1368.

### B.  The Natural Consequence Of Cambece's Calls Was To Harass Ms. Mimbs.

The circumstances surrounding Cambece's calls to Plaintiff support a finding that the natural consequence of the calls was to harass Ms. Mimbs. First, Ms. Mimbs exemplifies the standard articulated by the Eleventh Circuit, that harassment must be evaluated from the perspective of a consumer whose circumstances make her more susceptible to harassment or abuse. *Jeter*, 760 F.2d at 1179. Ms. Mimbs is more susceptible to harassment or abuse due to her declining health. She told Cambece that her illness prevented her from speaking over the phone and asked Cambece to stop calling her. (Doc. 1 at ¶¶12-15). Yet, Cambece continued to call her. (Doc. 1 at ¶16).

The substance of the calls provides further support to find harassment. After Ms. Mimbs told Cambece that she had a terminal illness, Cambece became hostile and yelled at her, and told her it didn't matter if she had cancer. (Doc. 1 at ¶14).

In addition, the volume of calls supports a finding of harassment. After being told twice to stop calling, Cambece placed at least 12 calls in a one-week period. (Doc. 1 at ¶16). Other courts have found plausible claims under section 1692d based on less volume. *See, e.g.*, *Holland v. Bureau of Collection Recovery*, 801 F. Supp. 2d 1340, 1341 (M.D. Fla. 2011) (30 calls over two months created fact issue); *Valentine v. Brock & Scott, PLLC*, No. 2:09-CV-2555-PMD, 2010 WL 1727681, at * (D.S.C. Apr. 26, 2010) (finding consumer stated claim where debt collector called "11 times over a period of 19 days, with two of those calls occurring on the same

5

day"); *Brown v. Hosto & Buchan, PLLC*, 748 F. Supp. 2d 847, 853 (W.D. Tenn. 2010) (17 calls in one-month period); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492 (D. Md. 2004) (holding that whether the defendant's approximately 27 calls made over a two-month period was excessive under the circumstances was a question of fact for the jury).

Cambece's argument that the case law "conclusively establishes" (Doc. 11 at 6) that this volume of calls cannot support a violation is not only incorrect, but as this Court has stated, misplaced:

> Defendant's argument is misplaced, as it is directed at the call volume, and disregards the remainder of the Plaintiff's contentions in this action that Defendant engaged in harassment through the content of its calls to Plaintiff, and by continuing to call him multiple times after Plaintiff asked Defendant ten times to stop calling. Rather, the Court finds that Plaintiff has presented sufficient evidence to create a fact issue for the jury as to the harassing nature of Defendant's calls.

*Dunning v. Portfolio Recovery Associates, LLC*, 903 F. Supp. 2d 1362, 1368 (S.D. Fla. 2012).

Cambece argues that because it did not use profanity, that Ms. Mimbs's claim under section 1692d(2) must fail. However, the section prohibits both "obscene or profane language *or* language the natural consequence of which is to abuse the hearer or reader." 15 U.S.C. § 1692d(2) (emphasis added). This is consistent with section 1692d's general prohibition against "any conduct the natural consequence of which is to harass, oppress, or abuse." 15 U.S.C. § 1692d. As discussed above, the natural consequence of Cambece's language[2] and phone calls was to harass and abuse Ms. Mimbs.

---

[2] The exact language used is not quoted in Ms. Mimbs's complaint. Cambece has represented in its recent discovery responses that recordings of the conversations exist, however it has not produced those recordings despite Ms. Mimbs's specific requests for the same. Ms. Mimbs's counsel is currently working to resolve the discovery dispute without the need for court intervention.

6

## V. Cambece Is Not Entitled To Judgment On Ms. Mimbs's Claims Under The FCCPA.

Similar to the FDCPA, the Florida Consumer Collection Practices Act ("FCCPA") also protects consumers from abusive and harassing conduct by debt collectors. The FCCPA states that a debt collector may not: "Willfully communicate with the debtor . . . with such frequency as can reasonably be expected to harass the debtor . . ., or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor . . . ." Fla. Stat. § 559.72(7). Similarly, a debt collector may not use "willfully abusive language in communicating with the debtor." Fla. Stat. § 559.72(8). The FCCPA expressly relies on case law interpreting the FDCPA—it provides: "In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." Fla. Stat. § 559.77(5).

This Court has recognized that claims of harassment under the FCCPA, like the FDCPA, are within the province of the jury:

> Florida courts have placed the determination of elements comprising FCCPA violations within the jury's province. "Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury." *Jeter, supra,* 760 F.2d at 1179. Whether communications are so frequent so as to be reasonably expected to harass "is ordinarily the business of juries, not of judges." *Story v. J.M. Fields, Inc.,* 343 So. 2d 675, 677 (Fla. Dist. Ct. App. 1977). Courts within this district have also determined that **it is a question of fact whether the number of telephone calls and the content of the calls constitutes harassment under the FCCPA**. *See Ortiz v. Accounts Receivable Mgmt., Inc.,* 2010 U.S. Dist. LEXIS 20944, 2010 WL 547910 (S.D.Fla. Feb. 12, 2010); *Pollock v. Bay Area Credit Svc, LLC,* 2009 U.S. Dist. LEXIS 71169, 2009 WL 2475167 (S.D. Fla. Aug. 13, 2009) (factual question whether 187 telephone calls were willful and harassing); *see also Scott v. Florida Health Sciences Ctr., Inc.,* 2008 U.S. Dist. LEXIS 86942, 2008 WL 4613083 (M.D. Fla. Oct. 16, 2008) (nineteen attempts to collect debt could be considered harassing when the plaintiff communicated to the defendant multiple times that the debt had been settled); *Segal v. National Action Financial Svcs., Inc.,* 2006 U.S. Dist. LEXIS 9532, 2006 WL 449176 (M.D. Fla. Feb. 22, 2006) (genuine

issues of material fact as to whether telephone calls were harassment based on number and frequency of calls during year and a half period).

*Ortega v. Collectors Training Inst. of Illinois, Inc.*, 09-21744-CIV, 2011 WL 241948, at *3 (S.D. Fla. Jan. 24, 2011) (emphasis added).

For the same reasons described above with respect to her FDCPA claims, Cambece is not entitled to judgment under Ms. Mimbs's claims under the FCCPA.

## VI. Conclusion.

Ultimately the FDCPA and FCCPA seek to draw a line between what is acceptable conduct for debt collectors and what is unacceptable. Yelling at a person to say that you don't care if she has cancer crosses that line into the unacceptable. In addition, Ms. Mimbs told Cambece that she could not speak on the telephone because of her declining health. What purpose could there be for Cambece to continue to attempt to communicate with Ms. Mimbs via telephone other than to harass her?

WHEREFORE, Ms. Mimbs respectfully requests that this Court deny Cambece's motion for judgment on the pleadings.

Dated: June 3, 2013.

Respectfully submitted,
**DAWN MIMBS**

By: \_/s/ Alex D. Weisberg_____
    Alex D. Weisberg
    FBN: 0566551

Alex D. Weisberg
Weisberg & Meyers, LLC
Attorneys for Plaintiff
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

8

**CERTIFICATE OF SERVICE**

  I certify that on June 3, 2013, the foregoing was filed with the Court using CM/ECF, which will send notification of such filing to:

Dale T. Golden
Charles J. McHale
Golden Scaz Gagain, PLLC
201 North Armenia Ave.
Tampa FL 33609
dgolden@gsgfirm.com
cmchale@gsgfirm.com

              By:  _/s/ Alex D. Weisberg _____
                Alex D. Weisberg
                FBN: 0566551